**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMY M. AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-161-KEW |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #24). By Order and Opinion entered September 12, 2017, this Court reversed the decision of the Commissioner to deny Plaintiff's application for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) and remanded the case for further proceedings.

In the Motion, Plaintiff seeks attorney's fees for 25.70 hours of time expended by her attorney at the stipulated fee rate and 1.30 hours of paralegal time for a total request of $5,092.50 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social

Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Plaintiff constituted the prevailing party in accordance with this Court's decision. The Commissioner contends her position with regard to the ALJ's consideration of the opinion of Dr. James Wright was justified since the physician's opinion included contradictory statements and was contradicted by other evidence. As stated in this Court's Order and Opinion, the ALJ failed to consider the excessive absences which would be brought about Claimant's pain and neuropathy. Dr. Wright's statements in this regard were not contradictory. Moreover, the evidence indicated Claimant's hand condition was progressive in nature and could reduce the available job base. The failure to consider these issues cannot support a finding of substantial justification.

Claimant also filed a Supplemental Application for payment of

the attorney's fees associated with the preparation of a reply to the original Application and the Supplemental Application. To that end, Claimant requests compensation for an additional 1.90 hours of legal work for a total modified request of $5,464.90. Defendant did not object to this additional fee. The request is justified and shall be granted.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #24) and the Supplemental Application (Docket Entry #27) are hereby **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $5,464.90. In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 30th day of April, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE